## Tischler v. Pennsylvania Coal Company, Appellant.

*Mines and mining—Surface support—Statute of limitations.*

In an action by the owner of the surface against the owner of the coal, to recover damages for injuries to the surface by the mining of coal, it must appear that the cause of action arose not when the cave or subsidence took place, but when the support of the surface was so weakened that it might fall, and the cause must have occurred within six years of bringing the suit.

In such a case if there was work in the mines directly beneath the plaintiff's surface, which caused the weakening of the supports to the surface within six years, the plaintiff could recover for injury to the land and the improvements thereon. The plaintiff is entitled to lateral support of the surface in its natural state, and can recover compensation for the surface in its natural state only if the cave or subsidence was caused by the taking away the lateral support.

*Mines and mining—Surface support—Title—Reservation.*

Where a person having no title to coal, attempts to convey it by deed,

reserving a right to remove it without liability for damages to the owner of the surface, the real owner of the coal who is a stranger to such deed cannot avail himself of the reservation contained in the deed, as against the owner of the surface.

In an action to recover damages for injuries to the surface of land by coal mining operations beneath the land, where the plaintiff's statement admits the ownership of the coal in the defendant, without any special mining rights, and the defendant relying on such admission, offers no evidence as to title, it will be presumed that the defendant was the owner of the coal without any special mining rights authorizing it to remove the coal without liability or injury to the surface.

Argued April 16, 1907.    Appeal, No. 94, Jan. T., 1907, by defendant, from judgment of C. P. Luzerne Co., May T., 1903, No. 670, on verdict for plaintiff in case of Mary M. Tischler v. Pennsylvania Coal Company.    Before Mitchell, C. J., Brown, Mestrezat, Potter and Elkin, JJ.    Affirmed.

Trespass to recover damages for injuries to surface of land. Before Lynch, P. J.

The facts are stated in the opinion of the Supreme Court.

Defendant presented these points:

3. Under the pleadings the burden was on the plaintiff to prove that the subsidence which affected the plaintiff's property was caused by mining directly beneath the said property or adjacent thereto within six years prior to May 2, 1902. This the plaintiff has failed to do, and the verdict must be for the defendant. *Answer :* Refused. [4]

4. The plaintiff has failed to produce any evidence of mining directly beneath plaintiff's land by the defendant which affected her land, and she can recover no damages for the buildings thereon. *Answer :* Refused. [5]

The court charged the jury in part as follows :

Mrs. Tischler, being the conceded owner of the property at the time in question, was not, as a matter of grace, but as an absolute right, entitled to have her property supported, not damaged, by the mining of coal from beneath this property. No deed, conveyance or agreement of any kind, so far as the court recalls, has been put in evidence, showing the Pennsylvania Coal Company was the owner of any coal beneath this property or had any right to mine it.   In most cases in which

this question has arisen in the courts, the miner, that is, the company or person who mines and removes the coal, has put in evidence title to the coal and his right to mine and remove it, and also, generally, some paper showing the miner was free from liability for damages in letting down the surface. Except as to the Livingston lot, of which I shall speak hereafter, there has been no such paper presented here.

Plaintiff's statement has not been offered in evidence. The court has not seen it before. We submit it to you that you can see what plaintiff, when she brought this suit, charged against the defendant in this particular : " The defendant on the 13th of January, 1901, was the owner of the coal underneath the said above described lot and engaged in the business of mining and removing said coal, and although said defendant owed to the said plaintiff the duty of leaving sufficient support to maintain the surface over said coal, the defendant negligently and carelessly so mined said coal that the support to the surface was insufficient to maintain the same, whereby the said surface of said above described lot, on said 13th day of January, 1900, fell in, destroying the surface to the amount of              and damaged the said building erected on the said surface, to a certain amount."

Such was the charge of plaintiff at the time she brought the suit and it would therefore be fair to assume plaintiff alleged the defendant at that time owned the coal. [6]

Verdict and judgment for plaintiff for $2,800. Defendant appealed.

*Errors assigned* were (4–6) above instructions, quoting them.

*J. B. Woodard,* of *Woodard, Darling & Morris,* with him *Willard, Warren & Knapp,* for appellant.—Where in an action of trespass the sole cause of action alleged in plaintiff's statement is the wrongful removal of coal under the plaintiff's land so that the surface fell in, a recovery cannot be had where the proof shows that there had been no mining under the plaintiff's land for more than six years, but that defendants had removed lateral support at other mines some distance from the plaintiff's lot. The duty of maintaining surface support and the duty of maintaining lateral support are altogether

different, and the rule for the compensation for damages in the case of the violation of either duty is not the same: Noonan v. Pardee, 200 Pa. 474; McGettigan v. Potts, 149 Pa. 155.

*John T. Lenahan,* with him *D. O. Coughlin* and *Edward A. Lynch,* for appellee.—Plaintiff was entitled to recover: Noonan v. Pardee, 200 Pa. 474; Pringle v. Vesta Coal Co., 172 Pa. 438; Jones v. Wagner, 66 Pa. 429; Horner v. Watson, 79 Pa. 242; Coleman v. Chadwick, 80 Pa. 81; Carlin v. Chappel, 101 Pa. 348.

The right of support to the surface "may not be taken away by mere implication from language not necessarily importing such a result:" Miles v. Penna. Coal Company, 214 Pa. 544.

OPINION BY MR. JUSTICE MESTREZAT, May 6, 1907:

This is an action to recover damages which the plaintiff alleges she has sustained by reason of the defendant having mined and removed the coal from beneath and adjacent to the several lots of ground owned by her in the borough of Hughestown, Luzerne county. There were dwelling houses and other improvements upon the lots at the time of the injuries complained of. The defendant was the owner of the coal, the mining of which it is claimed caused the injuries to the plaintiff's property. In the original statement, the plaintiff alleges that " the defendant negligently and carelessly so mined said coal that the support to the surface was insufficient to maintain the same whereby the said surface of said above described lots, on the said thirteenth day of January, 1901, fell in, destroying said surface." In her amended statement she alleges that the defendant was engaged in mining and removing the coal from lands in the neighborhood and adjacent to the premises of the plaintiff, and, while so engaged, caused the supports under the plaintiff's premises to be so weakened that the same gave way causing injuries to her property. The defense was that the plaintiff had failed to show that there was any coal mined directly beneath the premises within six years prior to the bringing of the suit which resulted in injury to the surface or the improvements thereon.

The case was carefully tried by the learned judge of the court below and having been submitted to the jury a verdict was returned for the plaintiff. On the trial of the cause, the court refused to direct a verdict for the defendant, and subsequently refused defendant's motion for judgment non obstante veredicto.

Judgment having been entered on the verdict in favor of the plaintiff, the defendant company has taken this appeal. The first, second, third and fourth assignments are in substance that the court erred in not withdrawing the case from the jury, and, after verdict, in not entering judgment for the defendant on the ground that there was no sufficient evidence to support the allegations of the statement. We do not think this complaint is well taken. The learned judge in his charge and in his opinion on the motion for a new trial and for judgment for defendant clearly points out the testimony which justified the submission of the case to the jury. We need not refer to this testimony in detail, as it appears by the opinion of the trial court. The evidence consisted of the official maps of the different veins of coal which showed the mining, the mining operations, and the dates of mining beneath and adjacent to the plaintiff's surface, and also of the testimony of several witnesses. An examination of the evidence convinces us that it was sufficient, at least, to send the case to the jury. The alleged causes of the injury to the plaintiff's surface were not only the withdrawal of proper supports for the surface within six years of bringing the suit, but also the negligent mining of the coal within the same time. If either or both of these causes were sustained by the testimony the plaintiff was entitled to recover: Pringle v. Vesta Coal Co., 172 Pa. 438. The court instructed the jury that the cause of action arose, not when the cave or subsidence took place, but when the support of the surface was so weakened that it might fall, and told them that the cause must have occurred within six years of bringing the suit. He further instructed them that if there was work in the mines directly beneath the plaintiff's surface which caused the weakening of the supports to the surface within six years the plaintiff could recover for injury to the land and the improvements thereon. He also instructed them that the plaintiff was entitled to lateral support of the surface

in its natural state, and that she could recover compensation for the surface in its natural state only if the cave or subsidence was caused by taking away the lateral support. It is, therefore, clear that the judge was accurate in his statements of the law as applicable to the case. Under this charge the plaintiff was entitled to recover if she showed to the satisfaction of the jury that the coal beneath her surface had been removed or that there had been negligent mining of the coal which, in either or both instances, resulted in injury to the plaintiff's surface and the buildings thereon; and was entitled to recover for the injury done the surface in its natural state only if such injury was caused by failure to give lateral support.

As appears by the evidence, the plaintiff's predecessors in title since 1871 were the owners of the surface and not of the coal. One of these parties in the plaintiff's chain of title, Livingston, conveyed the property in 1897, excepting the coal, and reserving the right to remove it without liability for damages. At no time, so far as the evidence discloses, did Livingston have title to the coal. The exception, therefore, in his deed amounted to nothing, and the defendant company, which was a stranger to his title, could not protect itself by the reservation to Livingston of the right to remove the coal. The third assignment of error has no merit.

The fourth assignment of error alleges that a part of the charge was misleading. The judge, overlooking the averment in the statement that the defendant was the owner of the coal, stated in the first part of his charge that there was no deed or other conveyance showing that the defendant company was the owner of the coal beneath the plaintiff's property or had any right to mine it, and said that in most cases of this character that the miner defendant showed title to the coal and his right to mine and remove it. It is claimed that this part of the charge was misleading. But we think the court cured this statement in the subsequent part of his charge in which, after referring to the fact that he had not seen the plaintiff's statement until it had just then been brought to his attention, he read that part of the statement which averred title to the coal in the defendant company, and then concluded by saying: "Such was the charge of the plaintiff at the time she brought

this suit and it would, therefore, be fair to assume plaintiff alleged the defendant at that time owned the coal." The jury would see by the averment in the plaintiff's statement that the title to the coal was in the defendant, and that, therefore, no proof of the fact on the trial was necessary. If the defendant company desired any further instructions as to its title or ownership of the coal and the right to remove it, it should have prayed for such instruction by proper points put to the court. It is apparent, however, from the evidence in the case that the defendant company intended to rely upon its title to the coal as admitted in the plaintiff's statement. It did not offer, so far as we are able to see, any deed or other title conveying the coal or mining rights to it. Presumably, therefore, it was the owner of the coal without any special mining rights authorizing it to remove the coal, without liability for injury to the surface. The learned judge went to the extent warranted by the evidence in simply calling the attention of the jury to the admission in the plaintiff's statement, that the title to the coal was in the defendant.

The assignments of error are overruled, and the judgment is affirmed.