No. 18,535.

J. J. WALSH, *Appellant*, v. THE KANSAS FUEL COM-PANY et al., *Appellees*.

SYLLABUS BY THE COURT.

1. ESTATE IN MINERALS — *Severed from Estate in Surface — Subjacent Support*. When the estate in minerals *in situ* is severed from the estate in the surface, the owner of the latter estate has the right of subjacent support for the surface.

2. SAME—*Right to Subjacent Support—Reserved Unless Conveyed by Contract*. Where the owner of land retains the surface estate and conveys the estate in minerals thereunder, he may convey or waive the right of subjacent support for the surface, but such conveyance or waiver should not be implied unless the language of the instrument of conveyance is appropriate therefor and clearly indicates such to be the intention of the parties to the conveyance.

3. TRIAL—*Demurrer to Evidence—When Error to Sustain*. Upon the trial of an action, a demurrer to the evidence produced by the plaintiff should not be sustained unless such evidence clearly disproves the plaintiff's right of recovery or, by fair interpretation and full credence being given thereto, it fails to establish a cause of action in favor of the plaintiff.

Appeal from Cherokee district court; EDWARD E. SAPP, judge. Opinion filed January 10, 1914. Reversed.

*C. A. McNeill, E. V. McNeill,* and *J. N. Dunbar,* all of Columbus, for the appellant.

*W. R. Thurmond,* of Kansas City, Mo., *Al. F. Williams, A. H. Skidmore,* and *S. L. Walker,* all of Columbus, for the appellees.

The opinion of the court was delivered by

SMITH, J.: The appellant was the owner of an eighty-acre tract of land in Cherokee county and on August 1, 1903, entered into a written contract with appellee Barrett by the terms of which he leased to Barrett, his heirs and assigns, the coal underlying the tract of land except a strip of land two hundred by nine hundred feet particularly described therein. The lease granted the further use of the surface for the working and management of the mine. By its terms the lease was to continue until the coal was worked out unless sooner terminated by reason of the nonperformance of some of the conditions therein stipulated. The lease also contained, among others, the following provisions:

"Said second party agrees to work and mine said coal in a good, careful and workmanlike manner, and not leave unnecessarily any coal which should be and can be mined with safety to the mine and miners, but said second party shall not be required to work low places or rolls which can not be mined except at a loss. . . . The consideration of the lease and leasing of said coal and surface rights as hereinbefore described shall be a royalty of 10 cents per ton of Two Thousand (2000) pounds on all coal mined and removed from said land, except what coal is necessarily used in operating said mine; upon which no royalty is to be paid."

The other provisions of the lease are deemed immaterial for the purposes of this decision. The lease was assigned by Barrett to C. Newlands and C. F. Spencer, and by the latter to the Kansas Fuel Company and Barrett under some arrangement not disclosed.

The appellant, in his petition, claimed a large amount of damages by reason of the alleged fact that the appellees had removed so much of the coal that they took away the subjacent support of the surface and caused the surface to fall and cave in.

The appellees answered separately and admitted the execution of the lease and the assignments thereof, and set up defenses to plaintiff's cause of action which we need not consider by reason of the fact that no trial was had thereon. Among other defenses, the appellees pleaded the two-years statute of limitations, but it is not contended that the appellant's evidence showed that the action was barred.

Upon the trial the plaintiff introduced evidence tending to show that the value of the surface had been greatly injured by the removal of the subjacent support, and that the appellees had recognized their liability by employing the appellant and others to fill up a large number of cave-ins which had occurred, and that all the coal was mined to which the lease conveyed any right and a large number of pits of various sizes and depths remained, making the land practically worthless for either pasturage or farming purposes. At the close of appellant's evidence the appellees severally demurred to the appellant's evidence, the demurrers were sustained by the court, and judgment was rendered against the appellant for costs.

It is conceded by the appellees, in substance, that as a matter of common right, when the estate in minerals *in situ* is severed from the estate in the surface the owner of the latter estate has the right of subjacent support for the surface. On the other hand, it is conceded by appellant that the right to such support may be waived or conveyed by the owner of the surface estate to the owner of the mineral estate.

Walsh v. Fuel Co.

Appellees cite *Griffin v. Coal Co.,* 59 W. Va. 480, 53 S. E. 24, 2 L. R. A., n. s., 1115, in which it was said:

"Where a deed conveys the coal under a tract of land, together with the right to enter upon and under said land, and to mine, excavate and remove all of it, there is no implied reservation in such an instrument that the grantee must leave enough coal to support the surface in its original position." (Syl. ¶ 3.)

Several other authorities are cited by appellees which in some measure tend to support their contention in the case, but the above case seems to be the strongest and most closely analogous to the case at bar. That decision, however, is criticized in an editorial note appended, in which it is claimed that the rule is not correctly stated and numerous authorities are collated. That the right to subjacent support to the surface will not be deemed to have been waived, conveyed by or lost to the owner of the surface unless such clearly appears, from the language used in the conveyance, to have been the intention of the parties is sustained by numerous authorities, among which are the following cases: *Gumbert & Huey v. Kilgore,* 4 Sadler (Pa.) 84, 6 Atl. 771; *Nelson v. Hoch,* 14 Phila. 655; *Jones v. Wagner,* 66 Pa. St. 429; *Horner v. Watson,* 79 Pa. St. 242, 21 Am. Rep. 55; *Coleman v. Chadwick,* 80 Pa. St. 81, 21 Am. Rep. 93; *Carlin v. Chappel,* 101 Pa. St. 348; *Pringle v. Vesta Coal Co.,* 172 Pa. St. 438, 33 Atl. 690; *Noonan v. Pardee,* 200 Pa. St. 474, 50 Atl. 255, 55 L. R. A. 410; *Wilms v. Jess,* 94 Ill. 464, 34 Am. Rep. 242; *Lloyd v. Catlin Coal Co.,* 210 Ill. 460, 71 N. E. 335; *Mickle & Co. v. Douglas,* 75 Iowa, 78, 39 N. W. 198; *Burgner v. Humphrey,* 41 Ohio St. 340; *Williams v. Gibson,* 84 Ala. 228, 4 South. 350; *Yandes et al. v. Wright,* 66 Ind. 319, 32 Am. Rep. 109; *Marvin v. Brewster Iron Mining Co.,* 55 N. Y. 538.

The contract in this case is not ambiguous in the usual sense. The only question is the legal effect of the language used therein, and, as we have seen, it does not

clearly appear that the right to subjacent support of the surface was intended to be waived or conveyed by appellant. (*Rettiger v. Dannelly,* ante, p. 61, 136 Pac. 942.)

The judgment is reversed and the case is remanded for a new trial.