## HULSE v. SWICEGOOD.

No. 2878. Decided Dec. 19, 1916 (162 Pac. 89).

1. APPEAL AND ERROR—APPEAL ON JUDGMENT ROLL—PAPERS BEFORE COURT—STATUTE. Comp. Laws 1907, Section 3197, as amended by Laws 1911, c. 94, provides what papers shall constitute the judgment roll, containing a general statement to the effect that all orders, matters, and proceedings deemed excepted to are also a part of the judgment roll. Section 3283 states the orders, matters, and proceedings that are deemed to have been excepted to. *Held* that, where an appeal is based on the judgment roll alone, without a bill of exceptions, the court has nothing before it except what the statute provides constitutes a part of the judgment roll, and on appeal on the judgment roll without a bill of exceptions from a final order or judgment discharging a writ of attachment the only papers properly before the court were the summons and the return of the sheriff

thereon, plaintiff's complaint, and the final order or judgment dissolving the attachment.　(Page 91.)

2. APPEAL AND ERROR—PRESUMPTION OF LEGALITY.　The mere fact that an appeal from a final order or judgment discharging a writ of attachment is a direct attack upon a judgment does not affect the presumption of its regularity, and the court must presume that the trial court had good and sufficient reason to enter the judgment appealed from until the contrary is made to appear from the face of the record.　(Page 92.)

Appeal from District Court, Third District; *Hon. F. C. Loofbourow*, Judge.

Action by E. W. Hulse against R. W. Swicegood.

From a final order or judgment discharging a writ of attachment plaintiff appeals.

AFFIRMED.

*E. D. R. Thompson* for appellant.

*Stewart & Alexander* for respondent.

FRICK, J.

The plaintiff appeals from a final order or judgment discharging a writ of attachment.

The defendant is a nonresident of this state, upon whom, it appears, no service of summons was had, but, as is conceded by plaintiff's counsel, appeared specially for the sole purpose of moving the discharge of the attachment.

The appeal is upon the judgment roll without a bill of exceptions.

Defendant's counsel contend that, in view that this appeal is based solely upon the judgment roll, there is nothing before us which authorizes us to review the judgment or order of the district court of Salt Lake County discharging the judgment.　Whether such contention is or is not sound depends upon what questions may be considered and reviewed by us in case the appeal is based upon the judgment roll without the aid of a bill of exceptions.

Our statute (Comp. Laws 1907, section 3197, as amended by chapter 94, Laws Utah 1911, p. 136) provides what papers shall constitute the judgment roll. The section reads:

"In case the complaint be not answered by any defendant, the summons, with the affidavit of proof of service, and the complaint, with a memorandum endorsed thereon that the default of the defendant in not answering was entered, and a copy of the judgment.

"In all other cases, the pleadings, a copy of the verdict of the jury, or findings of the court or referee, all bills of exceptions taken and filed, all orders, matters and proceedings deemed excepted to without a bill of exceptions, and a copy of any order made on demurrer, or relating to a change of parties, a copy of the judgment and the order overruling the motion for a new trial. If there are two or more defendants in the action, and any one of them has allowed judgment to pass against him by default, the summons, with proof of its service upon such defendant, must also be added to the other papers mentioned in this subdivision."

It will be observed that the section contains a general statement to the effect that "all orders, matters and proceedings deemed excepted to" are also a part of the judgment roll. The "orders, matters and proceedings" that are deemed excepted to are all stated in Comp. Laws 1907, Section 3283, as follows:

"The verdict of the jury, the final decision in an action or proceeding, an interlocutory order or decision finally determining the rights of the parties, or some of them; an order or decision from which an appeal may be taken; an order sustaining or overruling a demurrer, allowing or refusing to allow an amendment to a pleading, striking out a pleading or a portion thereof, refusing a continuance; an order made upon ex parte application; and an order or decision made in the absence of a party—are deemed to have been excepted to."

Where an appeal is based upon the judgment roll alone without a bill of exceptions, we therefore have nothing before us except what the statute provides constitutes a part of the judgment roll. What is properly before us in        1

this case, therefore, is the summons and the return of the sheriff thereon, the plaintiff's complaint, and the final order or judgment dissolving the attachment.

The judgment or order dissolving the attachment is covered by both Sections 3197 and 3283, *supra*. The mere fact that this is a direct attack upon a judgment does not in the least affect the presumption of its regularity.          2 We must presume that the court had good and sufficient reason to enter the final order or judgment appealed from, and this presumption must prevail until the contrary is made to appear from the face of the record. Nothing is made to appear from the judgment roll why the judgment should not prevail. It was an easy matter for the plaintiff to have attached together all of the papers filed in this case and to have added thereto the evidence that may have been produced, if any, at the hearing, and the proceedings of the court, and have them allowed and settled as his bill of exceptions. All of those matters could then have been made a part of the record, and we could have properly and intelligently reviewed the judgment or final order appealed from. As the record now stands, there is nothing before us except the papers we have before enumerated, and those do not disclose any error in the judgment appealed from.

The judgment must therefore be affirmed. Such is the order; costs to respondent.

STRAUP, C. J., and McCARTY, J., concur.