## Rolla M. Treece, Appellee, v. Southern Gem Coal Corporation et al., Defendants. West Frankfort Coal Company, Appellant.*

1. LIMITATIONS OF ACTIONS—*when begin to run for damage from subsidence of mined land.* A cause of action for damage to property from the subsidence of the ground due to not leaving sufficient support in the process of mining thereunder, arises at the time of the subsidence and not at the removal of the subjacent support, and the statute of limitations begins to run from the former date.

2. APPEAL AND ERROR—*when erroneous instructions for appellant not ground for reversal.* A judgment will be affirmed although instructions for the appellant lay down an erroneous rule of law, where the appellee does not assign cross-errors and does not seek reversal of the judgment.

Appeal by defendants from the Circuit Court of Franklin county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the March term, 1923. Affirmed. Opinion filed October 29, 1923.

WILLIAMS, LEWIS & COFFEY and HART & HART, for appellant.

W. F. SPILLER, E. M. SPILLER and J. E. CARR, for appellee.

* Received from clerk of Appellate Court, August 8, 1927.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On July 1, 1908, George A. Brown, being the owner of 40 acres of land in Franklin county, let and demised to Thomas Horn and Jesse Diamond the coal underlying said premises, the lease providing for the recovery of "all coal that could be economically mined" on a royalty basis. This lease was assigned to the West Frankfort Coal Company, appellant herein. Under this lease appellant mined and removed all the coal from under the land here involved.

After the coal underlying the premises had been removed Brown sold and conveyed the surface of the land to Rolla M. Treece and Everett R. Brown. These parties subdivided the premises into lots and blocks and appellee, Rolla M. Treece, became the owner of certain lots. After acquiring these lots appellee erected thereon certain dwelling houses and on one a single story frame store building. After the buildings were erected two subsidences of the surface of the land occurred, resulting in damage to the buildings and also to the surface of the land. This suit was brought by appellee against appellant to recover the damages resulting from the subsidences, charging that they resulted from the failure of appellant to leave sufficient support for the surface of the soil.

Appellant filed its plea of not guilty and the cause was tried before a jury on that plea and the stipulation of the parties that any evidence should be admitted which would be admissible under a proper special plea. The jury found for appellee and assessed his damages at $2,500. After motions for a new trial and in arrest of judgment had been overruled, judgment was rendered on the verdict. There is no dispute as to the facts in this case.

The court instructed the jury in behalf of appellant to the effect that if the coal underlying the premises had been mined and removed prior to the time ap-

pellee became the owner of the surface and the sub-
sidences occurred by reason of such prior mining and
removal of coal, appellee could not recover. Notwith-
standing this instruction and notwithstanding the fact
it was admitted the coal had been mined and removed
before appellee became the owner of the surface, the
trial court overruled appellant's motion for a new
trial. There appears in the record, however, over the
signature of the trial judge, a statement to the effect
that even though the verdict was contrary to the in-
structions of the court, yet the motion for a new trial
was overruled in order that the legal propositions
here involved, which appear not to have been settled
by the decisions of this State, might be passed upon by
a court of review.

Appellant rests its case in this court upon three
propositions, the last two of which are practically but
one, namely, (1) the cause of action arose at the time
of the removal of the subjacent support; (2) the action
for injury to real estate by interfering with support
is a personal action and (3) the action being personal
does not pass with a grant of the land but belongs to
the owner of the land at the time the cause of action
arises. It appears to us that a disposition of the ques-
tion as to when the cause of action in this case arose
will dispose of all of appellant's propositions so far
as this particular case is concerned. Appellee was the
owner of the surface at the time the subsidence oc-
curred and if the cause of action then arose there
would be no question but that the right of action was
in him. The only authorities cited by appellant sub-
stantiating its contention that the cause of action arose
at the time the surface support, that is the coal, was
removed, regardless of when the subsidences occurred,
are decisions of the Supreme Court of Pennsylvania.
In *Noonan v. Pardee,* 200 Pa. 474, it was held that
"When the coal was removed without leaving suffi-
cient pillars, or without supplying sufficient artificial

props, was the time when the subjacent owner failed in an absolute duty he owed to his neighbor above. And from that dates the cause of action. * * * If the failure to furnish sufficient support to the surface was from mining, either by defendant or his predecessors, more than six years before suit, the action is barred by the statute of limitations." In *Tischler v. Pennsylvania Coal Co.*, 218 Pa. 82, the court approved the following instruction. "The court instructed the jury that the cause of action arose, not when the cave or subsidence took place, but when the support of the surface was so weakened that it might fall, and told them that the cause must have occurred within six years of bringing the suit." In *Woods v. Pittsburg Coal Co.*, 230 Pa. 197, the court again approved the doctrine laid down in *Noonan v. Pardee, supra,* that such cause of action accrues at the time that insufficient supports are left regardless of when the subsidence occurs. If the doctrine laid down by the courts of Pennsylvania were followed in this case then the questions would arise as to whether the cause of action arose within the statutory period for bringing suit and whether or not, if within such period, such right passed to appellee in this case with his grant of the surface of the soil. Appellant, however, has not cited nor have we been able to discover any authorities other than those above mentioned supporting its contention that the cause of action arose when the coal was mined and removed.

On the other hand we find the rule of the English courts and the courts of Alabama and Kansas, and we believe New Jersey, to hold the contrary. Probably the leading case on this question in the English courts is that of *Backhouse v. Bonomi,* 9 H. L. Cas. 503. In that case, where a lot and the house on it were caused to settle by the excavation of the underlying strata it was expressly held that the cause of action arose when the subsidence occurred and not at the

time the support was removed, and in passing upon that question Lord Chancellor Westbury used the following language: ''I think it is abundantly clear upon both principle and upon authority that when the enjoyment of a house is interfered with by the actual occurrence of the mischief the cause of action then arises, and that the action may then be maintained.'' To the same effect is the English case of *Darley Main Colliery Co. v. Mitchell,* L. R. 11 App. cases 127.

In a case involving the question as to whether the statute of limitations begins to run in a case of this nature at the time the subsidence of the surface occurs or at the time the subjacent supports are removed the Supreme Court of Alabama in *West Pratt Coal Co. v. Dorman,* 161 Ala 389, 49 So. 849, 23 L. R. A. (N. S.) 805, quoted with approval from the English case of *Backhouse v. Bonomi, supra,* and held that such cause of action accrued and the statute of limitations began to run when the subsidence of the upper soil occurred and not when the subjacent support was removed. A case note to the above in the report named contains the following statement which we consider well founded: ''So far as the cases are concerned which deal with applicability of the statute of limitations to actions for injury to the surface caused by mining operations or other excavations, the great weight of authority is to the effect that a cause of action does not arise until some actual mischief has been done, from which time the statute of limitations begins to run, regardless of when the mining or other excavating was done.'' In *Audo v. Western Coal & Mining Co.,* 99 Kan. 454, it was held that a cause of action for damages caused by the subsidence of the land into excavations made by a mining company did not accrue until the land subsided. The facts involved in that case were very similar to those in the instant case. A coal company mined the coal from part of the land owned by it and then conveyed the surface, re-

serving the underlying coal. The purchaser knew that the coal had been mined from that part of the land, but had no personal knowledge in what manner the mining had been done. A portion of the surface over that part of the land from which the coal had been mined previous to the making of the deed subsided after the land had been conveyed. On these facts it was held that such cause of action did not accrue until the subsidence of the land took place, and therefore the statute of limitations did not begin to run until that time. This rule was adopted in effect in the case of *Walsh v. Kansas Fuel Co.,* 91 Kan. 310. We are also of the opinion that the case of *Church of the Holy Communion v. Paterson Extension R. Co.,* 66 N. J. L. 218, 49 Atl. 1030, 55 L. R. A. 81, supports this doctrine. In that case the court of appeals of New Jersey held that the right of action for removal of lateral support arose when the damage occurred, and not when the lateral support was removed. If appellant's contention that the cause of action arose when the subjacent support was removed and before any actual damage had been sustained by the surface, a jury would therefore be called upon to decide the speculative question as to whether any damage was likely to occur and as said Mr. Justice Willes in *Backhouse v. Bonomi, supra,* "it might well be that in many cases that the jury would, upon the evidence of mineral surveyors and engineers, find that no damage was likely to occur, when the most serious injury afterwards might in fact occur, and in others find and give large sums of money for apprehended damage which in point of fact never might arise. This is certainly not a state of law to be desired."

We conclude that appellee's contention that the cause of action did not arise until the subsidence occurred is supported by the greater weight of authorities and is based upon more logical reasons and sounder principles of justice than the doctrine that it arose

when the coal was mined and removed.  As the sub-
sidence of the surface of the ground occurred after
appellee became the owner of the same the right of
action accrued directly to him and it is therefore un-
necessary for us to pass upon the question whether
the action is personal and will or will not pass with the
grant of the land.  The court erred in the rule of law
laid down in the instructions to the jury on behalf of
appellant, above referred to, but appellee has assigned
no cross-errors and does not seek a reversal of the
case.  The judgment of the trial court was in accord-
ance with the law and the facts and will therefore be
affirmed.

*Affirmed.*