(No. 47935.

MICHAEL AUSTER, JR., *et al.,* Appellees, v. GEORGE FRED KECK *et al.,* Appellants.

*Opinion filed May 28, 1976.—Rehearing denied June 28, 1976.*

Snyder, Clarke, Dalziel, Holmquist & Johnson, of Waukegan (Julian Johnson, of counsel), for appellants.

Max Chill, Herman Chill, and Donald B. Garvey, of Chicago, for appellees.

Philip F. Purcell, James N. Nowacki, and Martha E. Gibbs, of Chicago (Isham, Lincoln & Beale, of counsel), for *amicus curiae* Illinois Council of the American Institute of Architects.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

In this case we are asked to decide when a cause of

action for architectural malpractice accrues under section 15 of the Limitations Act (Ill. Rev. Stat. 1973, ch. 83, par. 16), which provides:

"[A] ctions *** to recover damages for an injury done to property, real or personal, *** and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued."

In 1969 the plaintiffs, Michael Auster, Jr., and Anita Auster, bought a house in Highland Park from Edward K. and June Isaacson. The house had been designed in 1960 by the defendants, George Fred Keck and William Keck. On May 30, 1972, the plaintiffs filed their complaint, which alleged their purchase of the house and that portions of the ceilings thereafter collapsed; that the cause of the collapse was faulty design in "that the insulation material which was in the ceiling was applied directly to the steel beams without an intervening vapor barrier; that the difference in temperature of the outside and inside caused moisture condensation to form, which caused the insulation material to break away from the roof and to fall."

The complaint was in two counts. Both counts alleged the purchase of the house and the collapse of the ceilings. Count I did not mention the Kecks—it named only the Isaacsons as defendants. It alleged that they knew of the latent defect, but maliciously failed to inform the plaintiffs of it, and sought damages in the sum of $50,000. Amended count II of the complaint, which is all that is now before us, did not mention the Isaacsons and did not repeat the allegations of count I concerning their knowledge of the defect. It named only the Kecks as defendants. It alleged that the design was defective and that the defendants had created the design and approved the construction pursuant to that design. It also alleged a lack of knowledge on the part of the plaintiffs of the latent defects, and sought damages of $50,000.

The Kecks moved to dismiss amended count II on the

ground that it appeared from the face of the complaint that no damage accrued until more than five years after the design and construction of the house and that the action against them was therefore barred by the statute of limitations. The circuit court of Lake County allowed the motion, and found that there was no just reason for delaying enforcement or appeal. The plaintiffs appealed, and the Appellate Court, Second District, reversed. (31 Ill. App. 3d 61.) We allowed the Kecks' petition for leave to appeal.

In holding that the cause of action did not accrue until it had been discovered, the appellate court relied on several recent decisions of this court. (See *Rozny v. Marnul* (1969), 43 Ill.2d 54; *Williams v. Brown Manufacturing Co.* (1970), 45 Ill.2d 418; *Lipsey v. Michael Reese Hospital* (1970), 46 Ill.2d 32; *Berry v. G. D. Searle & Co.* (1974), 56 Ill.2d 548; *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1975), 61 Ill.2d 129.) In our opinion those decisions are not brought into play by the amended count II in this case.

In their attack on the decision of the appellate court, the Kecks rely heavily upon the allegations of count I concerning the Isaacsons' knowledge of the alleged defect in the ceilings and their malicious concealment of it. And they assert that no case has supported what they describe as a "second discovery" rule. As the case now stands, however, it must be decided upon the allegations of count II, and the allegations of count I are not before us at this time.

Nevertheless, we believe that the judgment of the appellate court must be reversed. The only allegation concerning knowledge of the alleged defect is the following: "That prior to the signing of said contract and the purchase pursuant thereto, plaintiffs had no knowledge of said latent defect and had no means of learning of said defect nor any reason to know of said defect until after the purchase of said premises, when the ceiling collapsed."

Count II of the complaint is completely silent with respect to any knowledge that the prior owners may have had as to the defective condition. There is thus a period of nine years following the construction of the building with respect to which the record is silent concerning knowledge of the defect.

In our opinion the burden of alleging that the defective condition remained undiscovered from the time that construction was completed until the date that it became known to the plaintiffs rested upon them. Count II of the complaint, however, is entirely consistent with the existence of full knowledge of the defective condition on the part of the former owners during the entire period of their ownership.

This case, therefore, does not call for a decision as to the applicability of the "discovery rule" to malpractice actions against architects, and we do not reach that question.

The judgment of the appellate court is reversed, and the judgment of the circuit court of Lake County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*