(No. 49171.—

WEST AMERICAN INSURANCE COMPANY *et al.* v. SAL E. LOBIANCO & SON COMPANY, INC., *et al.*— (James Patterman, Appellant, v. Aetna Life & Casualty Company, Appellee.)

*Opinion filed November 30, 1977.*

Gates W. Clancy, of Geneva (James S. Mills, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Richard W. Sandrok and Stanley J. Davidson, of counsel), for appellee.

MR. JUSTICE DOOLEY delivered the opinion of the court:

Plaintiffs, West American Insurance Company and Aetna Life and Casualty Company, as subrogees of their insureds, William P. and Mary W. Snellbaker, whose home had been burned, brought an action against Sal E. Lobianco & Son Company, Inc., a corporation and general contractor, and James Patterman, a masonry contractor. They alleged the fire resulted from negligence in the construction of the Snellbaker home.

Patterman's motion to dismiss, predicated on the bar of the statute of limitations requiring suit for injury to property to "be commenced within 5 years next after the cause of action accrued" (Ill. Rev. Stat. 1973, ch. 83, par. 16), was granted. The dismissal order was made appealable pursuant to Rule 304(a) (58 Ill. 2d R. 304(a)), and Aetna appealed. The appellate court reversed the summary disposition and remanded the cause for a trial on the merits. (43 Ill. App. 3d 765.) We granted Patterman leave to appeal under our Rule 315 (58 Ill. 2d R. 315).

On January 28, 1974, this complaint was filed. It alleged that the home was erected "prior to January 4, 1972," by Sal E. Lobianco & Son Company, Inc., as the general contractor, and by the defendant Patterman, as the masonry contractor.

In 1971 Mr. and Mrs. Snellbaker purchased the home. According to the complaint, on January 4, 1972, the Snellbakers started a fire in the fireplace, and the wall behind it broke into flames. As a result, the Snellbakers' home was demolished. Patterman, according to his affidavit in support of the motion to dismiss, worked on the fireplace in 1966 and 1967 but not beyond.

The issue before us is when did the cause of action accrue. If it was in 1967 when the defendant did the work, the right of action is barred by the statute. On the other hand, if the cause of action accrued when the fire

occurred, the 1974 action was timely.

In dealing with a question involving a period of limitations, we should be aware of the attitude of this court towards statutes of limitation. In *Geneva Construction Co. v. Martin Transfer & Storage Co.* (1954), 4 Ill. 2d 273, it was observed:

> "Statutes of limitation, like other statutes, must be construed in the light of their objectives. The basic policy of such statutes is to afford a defendant a fair opportunity to investigate the circumstances upon which liability against him is predicated while the facts are accessible. That purpose has been fully served here. As observed by Mr. Justice Holmes in *New York Central Railroad v. Kinney,* 260 U.S. 340, 342, 'Of course an argument can by made on the other side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied.' " 4 Ill. 2d 273, 289-90.

So also in *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1975), 61 Ill. 2d 129, 132, it was said that the purposes of limitation periods are twofold: to require the bringing of actions within a reasonable time so that available evidence will not be impaired or lost, and, secondly, to discourage delay in bringing claims.

This is a tort action. The amended complaint alleges the duty of the particular defendant to exercise due care in the performance of his work, specific negligence and the fire and damage resulting therefrom, as well as due care on the part of the Snellbakers, whose cause of action plaintiffs, as subrogees, assert. It seems well established that a cause of action based on tort accrues only when all

elements are present—duty, breach and resulting injury or damage. (*McClure v. Hoopeston Gas & Electric Co.* (1922), 303 Ill. 89, 96.) But "[t]here can be no doubt that a cause of action accrues only when the forces wrongfully put in motion produce injury. Otherwise, in extreme cases, a cause of action might be barred before liability arose." *Schmidt v. Merchants Despatch Transportation Co.* (1936), 270 N.Y. 287, 300, 200 N.E. 824, 827.

The rule long established in this jurisdiction in a personal injury action arising out of negligence is that the cause of action accrues at the time of the injury. (*Leroy v. City of Springfield* (1876), 81 Ill. 114, 115-16.) So also in *Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 431-32, involving a strict liability action for a defective product, the same principle was applicable to a product, although it had left the manufacturer's possession long prior to the expiration of the limitation period.

In the case of the defective product negligently made, as distinguished from strict liability for the unreasonably dangerous product, there is no accrual of a right of action when the product is negligently made. The cause of action does not come into existence until someone has been injured or damaged. *Sides v. Richard Machine Works, Inc.* (4th Cir. 1969), 406 F.2d 445, 446; *Rosenau v. City of New Brunswick* (1968), 51 N.J. 130, 137, 238 A.2d 169, 172-73; *Foley v. Pittsburgh - Des Moines Co.* (1949), 363 Pa. 1, 38, 68 A.2d 517, 535; see *Decaire v. Public Service Co.* (1971), 173 Colo. 402, 407, 479 P.2d 964, 966; 3A L. Frumer and M. Friedman, Products Liability sec. 39.01(2) (1977).

In an action for damage to property resulting from the subsidence of land due to inadequate support after mining, the limitation period begins from the time of the subsidence, not from the time of the mining. There is no injury until the land has subsided. *Savant v. Superior Coal Co.* (1955), 5 Ill. App. 2d 109, 114; *Wanless v. Peabody*

*Coal Co.* (1938), 294 Ill. App. 401, 406; *Treece v. Southern Gem Coal Corp.* (1923), 245 Ill. App. 113, 116-119, citing the British case of *Backhouse v. Bonomi,* 11 Eng. Rep. 825 (1861).

Other jurisdictions have reached the question posed here and have concluded that the cause of action for negligent construction or installation accrues at the time of injury. *Welding Products v. S. D. Mullins Co.* (1972), 127 Ga. App. 474, 478, 193 S.E.2d 881, 884 (negligent construction of a roof—cause of action arose at time of collapse); *Hunt v. Star Photo Finishing Co.* (1967), 115 Ga. App. 1, 6, 153 S.E.2d 602, 605 (negligent construction of a roof which collapsed—cause of action arose at time of collapse); *White v. Schnoebelen* (1941), 91 N.H. 273, 275, 18 A.2d 185, 187 (negligent installation of lightning rod causing fire—cause of action did not accrue until injury).

The statute provides that an action of this character "shall be commenced within 5 years next after the cause of action accrued." (Ill. Rev. Stat. 1973, ch. 83, par. 16.) We have seen that without accrual there can be no cause of action. And there is no cause of action until the injury or damage has occurred.

Unless the rule is that a cause of action accrues when the damage or injury is sustained, the tortfeasor would in many instances successfully assert that the wrong occurred at a time when the statute of limitations had already expired. This would hardly comport with fundamental fairness and simple justice. Translated to this situation, if the limitations period began at the time of the masonry contractor's negligent undertaking, the homeowners would have no right of action against a negligent third party with whom they had no contract. So also if no damage resulted from defendant's negligence, then there would be no right of action. Logic and law, not strangers to one another, lead to the same conclusion.

We recognize a difference in the statute of limitations where the tort arises out of a contractual relationship. There it commences at the time of the breach of duty, not when the damage is sustained. (*Pennsylvania Co. v. Chicago, Milwaukee & St. Paul Ry. Co.* (1893), 144 Ill. 197, 202.) The principal reason is that the breach itself is actionable. This rule encourages the party to act within five years of the breach rather than to delay until damages increase. Here, however, we have no question of privity, or contractual relationship, between the Snellbakers and this defendant. ·

The judgment of the appellate court reversing the judgment of dismissal and remanding for a trial on the merits is affirmed.

*Judgment affirmed.*

MR. JUSTICE RYAN, dissenting:

I must respectfully dissent from the opinion of my colleagues. Not only do I disagree with the conclusion that the cause of action accrued when the house caught on fire but I also fail to see why the opinion failed to come to grips with what I conceive to be the very heart of this case, that is, whether the "discovery rule" should be applied under these circumstances.

Instead of confronting this issue the opinion seems to accommodate two different causes of action arising from the negligent construction of the fireplace. One cause of action would arise in favor of an origianl owner who had contracted with the defendant for the construction of the fireplace. The appellate courts of this State have many times held that in such cases the injury or damage which the majority opinion holds necessary to create the cause of action is completed when the defective structure is constructed and that subsequent consequences flowing therefrom, such as the fire in this case, are relevant only as to the question of damages. (*Simoniz Co. v. J. Emil*

*Anderson & Sons, Inc.,* 81 Ill. App. 2d 428; *Board of Education v. Joseph J. Duffy Co.,* 97 Ill. App. 2d 158; *Sabath v. Morris Handler Co.,* 102 Ill. App. 2d 218; *Wilson v. White Motor Corp.,* 118 Ill. App. 2d 436; *Board of Education v. Perkins & Will Partnership,* 119 Ill. App. 2d 196.) In *Coumoulas v. Service Gas, Inc.,* 10 Ill. App. 3d 273, a fire occurred in a building as a result of a negligently installed gas boiler. The court held that the injury occurred at the time of the negligent installation and that the plaintiff at that time would have been entitled to sue to recover damages to remedy the defective installation.

The opinion does not dispute the holding of these cases, but finds that the Snellbakers could not have maintained such an action before the fire because of a lack of privity or contractual relationship between them and the defendant. The opinion then creates another cause of action in favor of the Snellbakers which comes into existence at the time of the fire.

We are not here concerned with a personal injury to an individual. The question is not when did the injury to the Snellbakers accrue or when did the injury to the original owner accrue. This case involves a suit for damage to property, and it would appear to me that the injury or damage would accrue at a certain time regardless of who owned the property. This opinion seems to me to be completely inconsistent with the holdings of the many appellate court opinions I have cited.

I am also concerned that the majority found it necessary to create this two-tier arrangement by what it conceives to be the continued existence of the vestige of "privity." Such a recognition lends substance to Dean Prosser's statement concerning the liability of building contractors: "This was a field in which the ghost of Winterbottom v. Wright [10 M. & W. 109, 152 Eng. Rep. 402 (1842)] died very hard." Prosser, Torts sec. 104, at

680 (4th ed. 1971).

I can foresee some anomolous consequences arising from the holding that the cause of action accrued when the fire occurred. Such a holding would seem to permit a series of actions by a series of owners with no possibility of ever terminating the exposure of the original contractor to liability for the construction of the defective fireplace. Would not this holding also permit the same owner to bring a series of actions based on a series of fires. If a new cause of action arises with each fire the statute of limitations will never bar recovery against the original wrongdoer. We are here considering only the bar of the statute of limitations and not the questions of proximate cause or contributory negligence.

It would appear to be more equitable to all parties affected if this court would hold, as the appellate courts have held on many occasions, that the injury to the property occurred when the defective construction was completed, and then alleviate any hardship by considering the "discovery rule." See *Auster v. Keck,* 31 Ill. App. 3d 61, *rev'd on other grounds,* 63 Ill. 2d 485; *E. J. Korvette v. Esko Roofing Co.,* 38 Ill. App. 3d 905; *Society of Mount Carmel v. Fox,* 31 Ill. App. 3d 1060; *Golden Grain Macaroni Co. v. Klefstad Engineering Co.* 45 Ill. App. 3d 77.

A homeowner being aware of a defect in a fireplace should not be permitted to sit by and do nothing until his house burns and then 8 or 10 years after he acquired knowledge of the defect bring an action against the defendant who constructed the defective fireplace. Also, simply because of a lack of privity between the homeowner and the negligent contractor, he should not be required to wait for his house to burn or a roof to fall in before he can bring an action for damages to remedy a known defect.

The coal mining subsidence cases cited in the opinion

are not helpful to the majority's position. Those cases involve two distinct interests in land, the underlying mineral rights and the surface rights. The negligent acts occurred in the underlying mineral rights, and there was no damage to the surface until the land began to settle. Also, because of the nature of the operation, the first knowledge that an owner would have of a defective support would be the settling of the land. These cases seem to be an application of the principle that the statute of limitations begins to run when the plaintiff knows or should have known of his right of action, the "discovery rule."

The opinion is also clearly in conflict with the very recent holding of this court in *Auster v. Keck* (1976), 63 Ill. 2d 485.