THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH BUTLER, Defendant-Appellant.

First District (1st Division)    No. 77-1389

Opinion filed March 19, 1979.

James J. Doherty, Public Defender, of Chicago (Marc Fogelberg, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Pamela Louise Gray, and Ira H. Raphaelson, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Joseph Butler was charged by information with the murder of his wife and attempt murder of his daughter. After a bench trial, defendant was found not guilty by reason of insanity and was immediately committed to the Department of Mental Health by the trial judge. Defendant appealed from his commitment. We dismissed defendant's appeal for mootness. (*People v. Butler* (1978), 65 Ill. App. 3d 81, 382 N.E.2d 436.) The Supreme Court of Illinois found that our dismissal of the appeal as moot was not justified and ordered that defendant's appeal be reinstated and considered on its merits. The facts are set forth in our first opinion and will be repeated here only as needed in considering the contentions of the parties.

Defendant contends that the failure to conduct a separate civil commitment hearing at the conclusion of the criminal trial to determine whether, at the time of trial (March 1977), he was suffering from a mental disease or defect and as a result was dangerous to himself or others (Ill. Rev. Stat. 1977, ch. 91½, par. 1—11) violated his rights to due process. He also argues that this failure to conduct a separate hearing violated his right to the equal protection of the laws because there is no rational basis for classifying persons who are found not guilty by reason of insanity differently from other persons who are asserted to be in need of mental treatment.

The State argues that defendant's constitutional rights were not violated and that defendant's commitment is supported by clear and convincing evidence.

Although the Criminal Code has been amended since the trial of this case specifically to require a separate hearing under the Mental Health Code of 1967 (Ill. Rev. Stat. 1977, ch. 38, pars. 115—3(b), 1005—2—4(a), (b)), at the time of the trial there was no such specific requirement.

Section 115—3(b) (Ill. Rev. Stat. 1975, ch. 38, par. 115—3(b)) provided:

> "(b) Upon conclusion of the trial the court shall enter a general finding, except that, when the affirmative defense of insanity has

been presented during the trial and acquittal is based solely upon the defense of insanity, the court shall enter a finding of not guilty by reason of insanity, and shall expressly state whether or not the defendant has recovered from his former condition of insanity."

Section 5—2—4(b) (Ill. Rev. Stat. 1975, ch. 38, par. 1005—2—4(b)) provided:

"(b) After a finding or verdict of not guilty by reason of insanity under Section 115—3, or 115—4 of The Code of Criminal Procedure of 1963; and after a determination by the jury, or in the event of a jury waiver by the court that the defendant has not recovered from his insanity, the court shall enter an order finding the defendant to be in need of mental treatment and hospitalizing the defendant in the custody of the Department of Mental Health and Developmental Disabilities for an initial period not to exceed 12 months from the date of such order. The order of the court shall be in the form of and shall produce the same effects and subsequent review proceedings as an order of hospitalization under the Mental Health Code of 1967, and shall include a specific finding as to the legal competence or incompetence of the defendant under the Mental Health Code. The admission, detention, care, treatment, and discharge of the defendant after such order shall be under the Mental Health Code."

The trial court found (1) defendant not guilty by reason of insanity following a trial held pursuant to section 115—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 115—3) and (2) that defendant has not recovered from his insanity and is in need of mental treatment pursuant to 5—2—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—2—4(b)), and ordered defendant committed to the Department of Mental Health to be confined for an initial period not to exceed 12 months, with subsequent review proceedings of defendant's status to be regulated according to the Mental Health Code of 1967.

At the trial three psychiatrists testified as to defendant's mental condition on December 11, 1975, the time of the murder and attempt murder with which defendant was charged. The examinations of defendant were made by Dr. Robert Reifman on February 25 and March 23, 1976, by Dr. Bernard Raben on August 17, 1976, and by Dr. Nelson Bradley on October 21, 1976. The trial took place in March 1977. The order of commitment was entered March 21, 1977, after the argument of counsel.

During the trial, only one psychiatrist, Dr. Reifman, was questioned concerning defendant's present mental condition. The transcript for March 10, 1977, shows:

"Q. Do you think he is suffering from that illness today?

A. I can only speak from my examination and say that at the time that I examined him he was in the state of partial remission and he was in the state of recovery.

Q. When you examined him, by the way, you indicated that he was fit for trial, is that correct?

A. In February.

* * *

Q. I believe it is your expert opinion that based on your examination of the defendant, that he is in need of further treatment, is that correct?

A. On the basis of my examination on March 23, 1976, that was my opinion."

The examination of March 23, 1976, was one year prior to the court's order of commitment.

We find that the evidence before the court upon which the order of commitment was made was legally insufficient. Because of this conclusion, it is not necessary to decide whether, under the statute as it then existed, due process or equal protection required a separate hearing before commitment.

■■ ■ We have examined the record and find that the only evidence bearing on the question of defendant's insanity at the time of the court's finding that defendant had not recovered from his insanity and was in need of mental treatment was the testimony of Dr. Reifman. This evidence was not a sufficient basis to so find, because it was grounded on an examination made one year previously. To commit a person as in need of mental treatment because of a year-old examination does not "comport with fundamental fairness and simple justice." (See *West American Insurance Co. v. Sal E. Lobianco & Son Co.* (1977), 69 Ill. 2d 126, 131, 370 N.E.2d 804.) Defendant was entitled to a current evaluation of his conduct and state of mind, including medical evidence that he was dangerous to himself or others as a direct result of a mental disorder. (*People v. Sansone* (1974), 18 Ill. App. 3d 315, 309 N.E.2d 733, *appeal denied* (1974), 56 Ill. 2d.584.) A decision to commit must be based on defendant's then present conduct and mental condition. *People v. Bradley* (1974), 22 Ill. App. 3d 1076, 318 N.E.2d 267.

The State contends that, coupled with Dr. Reifman's testimony, defendant's three "outbursts" during trial evidenced his dangerousness. From our examination of the record, we are not persuaded that the trial court accorded them any weight in making his findings. First, we agree with defendant that they do not meet the requirements of *Sansone* of an explicit medical opinion of dangerousness. Second, from our examination of the record we find that they do not support the State's conclusion that

they demonstrated that defendant was dangerous. One outburst concerned a statement by defendant to the custodian of his children. The statement does not appear in the record. Another was a statement by him to his young daughter, who was testifying, to remember that he was her father. The third was defendant's promise to the court to behave while the judge was in chambers.

Even if the trial court had accorded these three incidents some weight, the sum total of the evidence before the court was legally insufficient to warrant defendant's commitment.

The order of commitment of the circuit court of Cook County is vacated and the cause remanded for proceedings consistent with our decision.

Reversed and remanded.

GOLDBERG, P. J.,* and McGLOON, J., concur.

---

* Mr. Presiding Justice Goldberg did not participate in the original decision of this case. After reinstatement of the case pursuant to the Illinois Supreme Court mandate, he read the briefs and listened to the oral argument.