No.  2--96--0407

________________________________________________________________

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

_________________________________________________________________

JANE DOE, a Minor, By and       )  Appeal from the Circuit 

Through her Father and Next     )  Court of Lake County.

Friend, John Doe; JOHN DOE,     )

Indiv., and MARY DOE, Indiv.,   )

                                )  No. 94--L--100

     Plaintiffs-Appellants,     )

v.                              )

                                )

MONTESSORI SCHOOL OF LAKE       )

FOREST; ANNE M. GADON, Indiv.,  )

and as Agent, Servant, and      )

Employee of Montessori School   )

of Lake Forest; KAY GUERIN,     )

Indiv., and as Agent, Servant,  ) 

and Employee of Montessori      )

School of Lake Forest; LISSA    ) 

HEKTOR, Indiv., and as Agent,   )

Servant, and Employee of        ) 

Montessori School of Lake       ) 

Forest; KRISTINE THORSEN,       ) 

President of the Board of       ) 

Directors of Montessori School  ) 

of Lake Forest; and BOARD       )

MEMBERS OF THE MONTESSORI       )

SCHOOL OF LAKE FOREST,          )

                                )

     Defendants-Appellees       )

                                )

(American Montessori Society,   )

Inc., Indiv., and By and Through)

its Actual and/or Apparent      ) Honorable 

Agents, Montessori School of    ) Bernard E. Drew, Jr.  

Lake Forest, Defendant).        ) Judge, Presiding.

_________________________________________________________________

     JUSTICE HUTCHINSON delivered the opinion of the court:

     In January 1994 plaintiffs, Jane Doe and her parents, John Doe

and Mary Doe, filed a complaint against defendants, Montessori

School of Lake Forest (Montessori School), Anne Gadon, Kay Guerin,

Lissa Hektor, Kristine Thorsen, Board Members of the Montessori

School of Lake Forest (Board Members), and American Montessori

Society, Inc., resulting from an alleged contact of a sexual nature

committed against Jane Doe when she was approximately two and one-

half years of age.  The trial court granted defendants' motion to

dismiss with prejudice, and plaintiffs timely appealed.  We reverse

and remand.

     The relevant pleading is the third amended complaint.  In

April 1995 plaintiffs filed a third amended complaint, consisting

of 13 counts against defendants.  Count I alleged negligence on

behalf of plaintiff Jane Doe against defendant Montessori School. 

Count II alleged an "intentional tort" on behalf of plaintiff Jane

Doe against defendant Gadon.  Plaintiffs alleged in this count, in

relevant part:

          "That on the date and place aforesaid the Defendant, ANNE

     M. GADON, Individually and as agent, servant and employee of

     the MONTESSORI SCHOOL OF LAKE FOREST, was guilty of one or

     more or all of the following extreme and outrageous

     intentional acts, with malice aforethought, and/or with intent

     to harm the minor Plaintiff and/or to fulfill her own sexual

     stimulation and/or gratification, in that she caused contact,

     unwanted by the minor Plaintiff, to be made between her hands

     and/or fingers and the genitals, and other portions of the

     person of the minor Plaintiff and restricting the minor

     Plaintiff's freedom of movement of her person in so doing."

     Counts III, IV, and V alleged negligence on behalf of

plaintiff Jane Doe against defendants.  Count VI alleged negligence

on behalf of plaintiffs John Doe and Mary Doe against defendant

Montessori School for negligent or intentional infliction of

emotional distress.  Count VII alleged an "intentional tort" on

behalf of plaintiffs John Doe and Mary Doe against Gadon.  Counts

VIII, IX, and XI alleged negligence on behalf of plaintiffs John

Doe and Mary Doe against defendants.  Count X alleged an

"intentional tort" on behalf of plaintiffs John Doe and Mary Doe

against defendant Hektor for intentionally failing to report the

alleged incident between defendant Gadon and plaintiff Jane Doe, as

well as fraudulent concealment and conspiracy to conceal.  Counts

XII and XIII added American Montessori Society, Inc., as a new

defendant, but it is not a party to this appeal.  

     On April 28, 1995, the first in a long and tortured series of

motions was filed. Over the next several months, plaintiffs'

complaint was attacked pursuant to section 2--619(a)(9) of the

Civil Practice Law (735 ILCS 5/2--619(a)(9) (West 1994)), section

2--615 of the Civil Practice Law (735 ILCS 5/2--615 (West 1994)),

and Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)).  Motions for

sanctions were filed, alleging discovery violations pursuant to

Supreme Court Rules 215 and 219(c) (Official Reports Advance Sheet

No. 20 (September 27, 1995), Rs. 215, 219(c), eff. January 1,

1996).  Furthermore, each set of motions was accompanied by or

followed by memoranda briefing the issues raised.

     In September 1995 plaintiffs filed their response to

defendants' motion for sanctions.  Plaintiffs assert in their

response that defendants had not established a good-faith showing

for a defense psychological examination of plaintiff Jane Doe. 

Plaintiffs further contend that a psychological examination would

pose a significant and undue risk of harm to plaintiff Jane Doe. 

Their response also states that plaintiff Jane Doe has no

"articulable present recollection of *** attending Montessori

School ***, let alone the incident itself."  They also contend that

plaintiff Jane Doe should not be subjected to a discovery

deposition because of her tender age.  Plaintiffs attached an

affidavit of Daniel Woloszyn, a licensed clinical

neuropsychologist.  Woloszyn opined that a psychological

examination of plaintiff Jane Doe would pose a significant risk of

harm because the examination, "in the absence of any current memory

of the event, would reasonably trigger emotional trauma and also a

likelihood of triggering repressed memory syndrome."

     Defendants Hektor, the Montessori School, and Gadon filed

replies to plaintiffs' response to the motions for sanctions.  In

her reply memorandum, defendant Gadon further asserts, for the

first time, that plaintiffs' cause of action had not accrued. 

Applying the discovery rule of the childhood sexual abuse section

of the Limitations Act (735 ILCS 5/13--202.2 (West 1994)), Gadon

argues plaintiff Jane Doe is not yet aware that she had been

injured, and, therefore, the cause of action will accrue only when

she recovers her memory of the event.  Only then can it be

determined whether her action was within the limitations period set

forth.  Thus, Gadon claims, plaintiff Jane Doe has no cause of

action at this time, but should be allowed to renew her claim

should she discover she was sexually molested.  

     In October 1995 defendant Guerin filed her reply to

plaintiffs' response to defendants' motions for sanctions.  Guerin

argues that plaintiffs' damages are speculative, plaintiff Jane

Doe's cause of action is not ripe, and plaintiffs' and their

affiant, Woloszyn, "overlook the fact that it would be beneficial

rather than harmful, for *** [plaintiff Jane Doe] to recall and

deal with the emotional trauma that may have been caused if the

alleged incident occurred."  

     In November 1995 plaintiffs filed their surresponse to

defendants' combined replies.  Plaintiffs maintain that their cause

of action was ripe on the day the act allegedly occurred because of

the principle that the discovery by a child's parent, even absent

actual cognition or memory by the child, shall be imputed to the

child and shall constitute the accrual of a cause of action. 

Plaintiffs also argue that the childhood sexual abuse section of

the Limitations Act (735 ILCS 5/13--202.2 (West 1994)) does not

prohibit bringing a cause of action contemporaneously with the

knowledge of an act of abuse.  They also argue that, as a matter of

law, injury is presumed due to the heinous nature of sexual

molestation.  Furthermore, plaintiffs claim that John and Mary

Doe's causes of action exist independently of Jane Doe's claim and

that the trial court should employ a balancing test to determine

whether plaintiff Jane Doe should be subjected to a defense

psychological examination.

     On December 14, 1995, defendant Gadon filed a surreply to

plaintiffs' surresponse to defendants' combined replies for their

motions for sanctions.  In her surreply, defendant Gadon argues

that (1) the cause of action has not accrued for plaintiff Jane

Doe; (2) injury to plaintiff Jane Doe from the alleged molestation

cannot be presumed; and (3) should plaintiff Jane Doe's cause of

action fail, then her parents, John and Mary Doe, have no

independent cause of action.  On December 18, 1995, defendants

Guerin, Hektor, Thorsen, Gadon, and the Montessori School filed

essentially the same joint surreply. 

     At a hearing held on January 3, 1996, the trial court granted

defendant American Montessori Society, Inc., leave to adopt the

arguments of the other defendants.  Following that, the trial court

conducted a hearing on a motion to dismiss plaintiffs' third

amended complaint pursuant to section 2--619 (735 ILCS 5/2--619

(West 1994)).  Defendants claimed that the suit was barred because

plaintiff Jane Doe's cause of action had not yet accrued and that

the plaintiff parents' individual causes of action had similarly

not accrued on the basis of their claims being derivative of

plaintiff Jane Doe's claims.  At the conclusion of that hearing,

the trial court entered certain findings on the record: that

plaintiff Jane Doe's cause of action was not yet ripe because she

had not "broken through" her repressed memory; that the act of

child molestation did not warrant a finding of presumed damages on

the basis of said damages being speculative; and that plaintiffs

John Doe's and Mary Doe's independent causes of action for

intentional infliction of emotional distress, civil conspiracy, and

fraudulent concealment could not be maintained because they were

derivative of plaintiff Jane Doe's claims.  The trial court also

requested defendants draft and file a motion to dismiss consistent

with its findings, which defendants did and filed such motion to

dismiss on February 13, 1996.

     On March 1, 1996, plaintiffs filed their response to

defendants' motion to dismiss plaintiffs' third amended complaint,

incorporating similar arguments made at the January 3, 1996,

hearing, readopting and realleging arguments made in their previous

pleadings and responses and surresponses to the various motions to

dismiss and motions for sanctions.

     On March 4, 1996, the trial court entered an order granting

defendants' motions to dismiss plaintiffs' third amended complaint

with prejudice, specifically finding that (1) the discovery rule as

amended in the childhood sexual abuse section of the Limitations

Act applies to the present case; (2) plaintiff Jane Doe's cause of

action had not accrued within the meaning of the childhood sexual

abuse section of the Limitations Act because she has no present

knowledge of the sexual assault or of her damages; (3) the Indiana

"imputation rule" (the parents' knowledge imputed to the child) is

inapplicable because Indiana has no statute similar to the

childhood sexual abuse section of the Limitations Act; (4) the act

of child molestation did not warrant a finding of presumed damages;

(5) plaintiffs should not be entitled to nominal damages because

such damages are speculative in nature; and (6) plaintiffs, John

Doe and Mary Doe, have no independent cause of action for

intentional infliction of emotional distress, civil conspiracy, or

fraudulent concealment because their claims derive from plaintiff

Jane Doe's claims. 

     On appeal, plaintiffs argue that the trial court erred by

granting defendants' motion to dismiss because (1) plaintiff Jane

Doe's cause of action has accrued; (2) the act of child molestation

warrants a finding of presumed nominal damages; and (3) plaintiffs

John Doe and Mary Doe may maintain an independent cause of action

for intentional infliction of emotional distress, civil conspiracy,

or fraudulent concealment.  

     Before reaching the merits, we wish to address the pleading

and motion practice that led to this appeal.   A majority of the

arguments were initiated and addressed in defendants' motions for

sanctions; plaintiffs' response to defendants' motions for

sanctions; defendants' reply to plaintiffs' response to defendants'

motions for sanctions; plaintiffs' surresponse to defendants' reply

to plaintiffs' response to defendants' motions for sanctions; and

defendants' surreply to plaintiffs' surresponse to defendants'

reply to plaintiffs' response to defendants' motions for sanctions. 

In response, we suggest that a more efficient and practical process

would have been appropriate.   

     The Illinois Supreme Court has the power to make and amend

rules of pleading, practice, and procedure for the convenient

administration of justice and otherwise simplifying judicial

procedure.  735 ILCS 5/1--104(a) (West 1994).  These rules are not

ends in themselves; they are designed to secure the orderly and

fair methods of disposing of litigated matters.  Kaufman v.

Kaufman, 22 Ill. App. 3d 1045, 1052 (1974).  The rules of practice

are required for the simplification and standardization of court

procedure, and these rules should be obeyed by lawyers and

litigants and enforced by the courts.  Alfaro v. Meagher, 27 Ill.

App. 3d 292, 297 (1975).  Members of the bar and others appearing

before a tribunal are presumed to be aware of the rules of practice

and procedure prescribed by the Illinois Supreme Court.  Biggs v.

Spader, 411 Ill. 42, 44 (1951).  If the structure of our court

system permitted loose practice, the result would inevitably be

complete chaos.  Alfaro, 27 Ill. App. 3d at 297.  "Chaos serves no

social end."  State Tax Comm'n v. Aldrich, 316 U.S. 174, 196, 86 L.

Ed. 1358, 1378, 62 S. Ct. 1008, 1019 (1942).  

      We note that defendants Thorsen and the Board Members failed

to attach affidavits in support of their original section 2--619

motion to dismiss, filed on April 28, 1995.  Similarly, on February

13, 1996, and pursuant to the trial court's request of January 3,

1996, defendants together filed their section 2--619 motion to

dismiss plaintiffs' third amended complaint with prejudice. 

Defendants also failed to support this motion with affidavits.   

     Where the grounds for dismissal do not appear on the face of

the pleadings, section 2--619(a) mandates that "the motion shall be

supported by affidavit."  735 ILCS 5/2--619(a) (West 1994); see

also Waterford Executive Group, Ltd. v. Clark/Bardes, Inc., 261

Ill. App. 3d 338, 343 (1994).  Defendants Thorsen and the Board

Members claimed that they serve on the Board of the Montessori

School without compensation and, as such, are immune from liability

for negligence.  In their February 13, 1996, section 2--619 motion

to dismiss, defendants claimed that the suit was barred because

plaintiff Jane Doe's cause of action had not yet accrued, that

plaintiff Jane Doe possesses no such knowledge of the alleged

incident, and that the plaintiff parents' individual causes of

action had similarly not accrued on the basis of their claims being

derivative of plaintiff Jane Doe's claims.  Defendants do not

specify upon which subsection of section 2--619 they are basing

their motion.  It appears to us that defendants brought this motion

pursuant to either section 2--619(a)(5) (735 ILCS 5/2--619(a)(5)

(West 1994)) or section 2--619(a)(9) (735 ILCS 5/2--619(a)(9) (West

1994)).  Section 2--619(a)(5) authorizes a defendant to file a

motion for dismissal on the ground that the action was not

commenced within the time limited by law; section 2--619(a)(9)

provides for a dismissal when the plaintiffs' claim is barred by an

affirmative matter defeating the claim.

     The failure to support either a section 2--619(a)(5) motion or

a section 2--619(a)(9) motion with the requisite affidavit mandates

reversal.  Denny v. Haas, 197 Ill. App. 3d 427, 430 (1990).  Our

review of the record enables us to conclude that defendants'

grounds for dismissal do not appear on the face of the pleadings. 

Accordingly, defendants' failure to support their motion with the

affidavit required under section 2--619(a)(5) or section 2--

619(a)(9) mandates reversal under the facts of this case.  Having

said that, the Civil Practice Law also needs to be construed

liberally to fulfill its purpose of providing substantial justice

and resolution on the merits, rather than imposing seemingly

insurmountable procedural obstacles to litigation.  See 735 ILCS

5/1--106 (West 1994); Marsh v. Nellessen, 235 Ill. App. 3d 998,

1002 (1992).    

     Thus, we turn to the nature of appellate review of a trial

court's dismissal of a complaint pursuant to section 2--619.  The

purpose of section 2--619 motion is to allow for the disposition of

questions of law and easily proved fact issues at the outset of the

case.  See, e.g., Zedella v. Gibson, 165 Ill. 2d 181, 185 (1995);

M.E.H. v. L.H., 283 Ill. App. 3d 241, 245 (1996).  Unlike a motion

with respect to the pleadings brought under section 2--615

(Illinois Graphics Co. v. Nickum, 159 Ill. 2d 469, 484 (1994)

(section 2--615 motion attacks only the legal sufficiency of the

complaint and deals exclusively with defects appearing on the face

of the complaint)), a trial court ruling on a section 2--619 motion

may consider the "pleadings, depositions, and affidavits" (Zedella,

165 Ill. 2d at 185).  We have stated:

     "The motion should be granted and the complaint dismissed if,

     after construing the document in the light most favorable to

     the nonmoving party, the court finds that no set of facts can

     be proved which would entitle the plaintiff to recover. 

     [Citations.]  When reviewing the propriety of a section 2--619

     dismissal, all well-pleaded facts alleged in the complaint are

     taken as true.  [Citation.]  Conclusions of law or conclusions

     of material fact unsupported by specific factual allegations

     must be disregarded.  [Citation.]  As such, the reviewing

     court is concerned solely with a question of law presented by

     the pleadings."  Nikolic v. Seidenberg, 242 Ill. App. 3d 96,

     98-99 (1993).

     Further, courts have recognized that a section 2--619(a)(9)

motion to dismiss admits the legal sufficiency of the plaintiff's

cause of action.  Johnson v. Du Page Airport Authority, 268 Ill.

App. 3d 409, 414 (1994).  Finally, an appellate court conducts an

independent review of the propriety of dismissing the complaint

and, therefore, is not required to defer to a trial court's

reasoning.  Nikolic, 242 Ill. App. 3d at 99.

     The first issue on appeal is whether plaintiff Jane Doe's

cause of action has accrued.  In plaintiffs' third amended

complaint, plaintiff Jane Doe is seeking relief under a negligence

theory and an "intentional tort" theory.  A cause of action based

on tort accrues only when all elements are present--duty, breach,

and resulting injury or damage.  West American Insurance Co. v. Sal

E. Lobianco & Son Co., 69 Ill. 2d 126, 129-30 (1977); Wolf v.

Bueser, 279 Ill. App. 3d 217, 226-27 (1996).  Without accrual there

can be no cause of action, and there is no cause of action until

injury or damage has occurred.  West American Insurance Co., 69

Ill. 2d at 131; Wolf, 279 Ill. App. 3d at 227.  Generally, a cause

of action for torts accrues when the plaintiff suffers an injury. 

Hermitage Corp. v. Contractors Adjustment Co., 166 Ill. 2d 72, 77

(1995); West American Insurance Co., 69 Ill. 2d at 130; M.E.H., 283

Ill. App. 3d at 250.  

     "Injury" is defined as "[a]ny wrong or damage done to another,

either in his [or her] person, rights, reputation, or property." 

Black's Law Dictionary 785 (6th ed. 1990); Restatement (Second) of

Torts §7 (1965).  Two recent opinions, Western States Insurance Co.

v. Bobo, 268 Ill. App. 3d 513 (1994), and Scudder v. Hanover

Insurance Co., 201 Ill. App. 3d 921 (1990), have concluded that an

intent to harm can be inferred as a matter of law when an adult

engages in unwanted touching and sexual abuse of another,

especially a minor.  Therefore, we believe it to be a logical

extension of those holdings to determine that when an adult engages

in unwanted touching, unlawful restraint, or similar conduct

concerning a minor, an injury occurs.    

     Further, plaintiffs cannot bring a cause of action until they

know or reasonably should know of their injuries and also know or

reasonably should know that the injuries were caused by another's

wrongful acts.  Moore v. Jackson Park Hospital, 95 Ill. 2d 223, 232

(1983); Fetzer v. Wood, 211 Ill. App. 3d 70, 79 (1991).  However,

that does not mean that plaintiffs do not have existing causes of

action of which they are unaware.  Moore, 95 Ill. 2d at 232;

Fetzer, 211 Ill. App. 3d at 79.  In addition, plaintiffs must be

vigilant because a cause of action accrues even though the full

extent of the injury or the consequences of the injury are unknown

at the time of the injury.  Golla v. General Motors Corp., 167 Ill.

2d 353, 364 (1995).  When minor plaintiffs are injured, they cannot

initiate the legal proceeding, but must appear by a guardian,

guardian ad litem, or a next friend.  Skaggs v.  Industrial Comm'n,

371 Ill. 535, 542 (1939).  Alternatively, minors may bring the

action within two years after they attain the age of 18 years.  735

ILCS 5/13--211 (West 1994).  

     In the present case, plaintiff Jane Doe, by her father and

next friend, John Doe, alleges, inter alia, that on or about April

24, 1992, plaintiff Jane Doe was a student at defendant Montessori

School; the Montessori School and its agents owed a duty of care to

plaintiff Jane Doe; defendant Gadon was an agent of the Montessori

School; defendants breached their duty of care to plaintiff Jane

Doe when defendant Gadon caused unwanted contact upon plaintiff

Jane Doe's person and restricted plaintiff Jane Doe's freedom of

movement.  Plaintiffs conclude that, as a result of the above,

plaintiff Jane Doe suffered an injury.  

     Because a review of a section 2--619 dismissal directs that

all well-pleaded facts alleged in the complaint are taken as true,

we determine that plaintiff Jane Doe has established a cause of

action.  Therefore, we hold that the trial court erred in

dismissing plaintiff Jane Doe's negligence counts against

defendants.  We also hold that the trial court erred in dismissing

plaintiff Jane Doe's "intentional tort" count against defendant

Gadon.  Plaintiff, through her next friend, John Doe, has pleaded

a foundation to prove that defendants owed a duty, breached their

duty, and, as a result of that breach, an injury to her occurred. 

The nature of the intentional tort, such as a battery, willful or

wanton conduct, or false imprisonment, must be established by the

evidence. 

     Defendants argue that the childhood sexual abuse section of

the Limitations Act (735 ILCS 5/13--202.2 (West 1992) (amended by

Pub. Act 88--127 §5, eff. January 1, 1994)), bars plaintiff Jane

Doe from initiating an action or recovering until she is actually

aware of the injury.  Defendants claim that, because plaintiff Jane

Doe cannot recall the injuring event and has no resulting damages,

she should wait and bring the action "within two years after she

discovers (or reasonably should have discovered) that sexual abuse

occurred and she suffered injuries therefrom."  By doing so, "she

will still have her 'day in court.' "  

     The childhood sexual abuse section of the Limitations Act

provides, in pertinent part:

          "An action for damages for personal injury based on

     childhood sexual abuse must be commenced within 2 years of the

     date the person abused discovers or through the use of

     reasonable diligence should discover that the act of childhood

     sexual abuse occurred and that the injury was caused by the

     childhood sexual abuse."  735 ILCS 5/13--202.2(b) (West 1994)

     (as amended by Pub. Act 88--127 §5, eff. January 1, 1994). 

     We are not persuaded by defendants' claims.  First and

foremost, the childhood sexual abuse section of the Limitations Act

does not create a cause of action.  Instead, it is a statute of

repose that begins to run when a specific event occurs, no matter

when the cause of action accrues.  M.E.H., 283 Ill. App. 3d at 246. 

Furthermore, in their third amended complaint, plaintiffs have made

no statutory claims of childhood sexual abuse.   What plaintiffs

have alleged, though, is negligence and an intentional tort,

possibly battery, willful or wanton conduct, or false imprisonment. 

Thus, this statute is inapplicable as to these causes of action. 

The public policy of the State dictates that courts should guard

carefully the rights of minors and that a minor should not be

precluded from enforcing her or his rights unless clearly debarred

from so doing by some statute or constitutional provision. 

Walgreen Co. v. Industrial Comm'n, 323 Ill. 194, 197 (1926).  To

argue that only Jane Doe can bring this lawsuit contravenes the

public policy of allowing a guardian, guardian ad litem, or a next

friend to initiate a cause of action on behalf of a minor or a

person under a legal disability.  See City of Danville v. Clark, 63

Ill. 2d 408, 411 (1976).  

     Defendants also argue that knowledge of the injuring event

should not be imputed from the plaintiff parents, John and Mary

Doe, to plaintiff Jane Doe to determine whether a cause of action

has accrued.  Defendants urge that the "discovery rule" be applied;

that is, plaintiff Jane Doe's cause of action should not accrue

until plaintiff Jane Doe herself knows or should have known of her

injury and knows or should have known that the injury was

wrongfully caused, thereby postponing the commencement of the

limitations period.  The trial court would not apply Indiana's

"imputation rule" to this case because Indiana has no childhood

sexual abuse limitations statute.  

     The concept of "imputed knowledge" is not unique to Indiana. 

Indeed, imputed knowledge is practiced in every state of the union

by our justice system.  It is well settled that if a crime against

an individual also involves a crime against the public, such as a

battery, the individual and the general public suffers, and the

knowledge of the victim and witnesses is the knowledge of the

State, even though the victim does not represent the State in any

official capacity.  Additionally, where infants are victims of

criminal abuse or neglect, knowledge is often imputed to the State

for purposes of prosecution.  Civil actions for injuries to minors

may be maintained by a child's guardian, guardian ad litem, or next

friend.  See Skaggs, 371 Ill. at 542; see generally 755 ILCS 5/11--

1 et seq. (West 1994).  We thus hold that the trial court erred in

disallowing the parents' knowledge of the injuring event to be

imputed to the child for purposes of commencing a cause of action

against defendants.

     Plaintiffs' second contention on appeal is that the trial

court erred when it found that the act of child molestation does

not warrant a finding of presumed damages.  In its written order

filed on March 4, 1996, the trial court stated that the act of

child molestation did not warrant a finding of presumed damages and

that plaintiffs were not entitled to nominal damages because such

damages were speculative in nature.  

     Article I, section 12, of the Illinois Constitution provides

that a remedy shall exist for every wrong.  Ill. Const. 1970, art.

I, §12.  However, the method by which such a remedy should be

granted is not indicated.  Our method is to compensate the one so

injured for each aspect of damages which she or he has sustained. 

     Recovery is not limited to items of pain, suffering, and

anguish.  It also embraces intangible losses, including any other

facets of nonfinancial losses.  See, e.g., Drews v. Gobel Freight

Lines, Inc., 197 Ill. App. 3d 1049, 1057-58 (1990); Jolley v.

Consolidated Rail Corp., 167 Ill. App. 3d 1002, 1012 (1988). 

Suffice it to say that the law seeks to compensate for all aspects

of damage wrongfully inflicted, tangible or intangible, and the

fairness of compensation for the particular deprivations

encountered must be determined under the circumstances of each

suit.  See generally Parnham v. Carl W. Linder Co., 36 Ill. App. 2d

224 (1962).

     The real issue in the present case is not whether an act of

child molestation warrants a finding of presumed damages. 

Plaintiffs, in their third amended complaint, have not specifically

alleged that an act of child molestation occurred.  On that basis,

we decline to make a determination of whether an act of child

molestation warrants a finding of presumed damages.  What

plaintiffs' pleadings do suggest, albeit surreptitiously, is that

an act of battery, willful or wanton conduct, or false imprisonment

occurred to a child of tender age.  Thus, the real issue is whether

plaintiffs' pleadings sufficiently allege damages when viewed in

conjunction with the depositions and affidavits for the purpose of

surviving a section 2--619 motion to dismiss. 

     We have already determined that plaintiffs have stated a cause

of action for an injury and that the cause of action for said

injury has accrued.  We also now determine that, if the alleged

conduct directed at Jane Doe is proved, damages can be presumed.

However, the amount of damages is uniquely a question of fact to be

determined by the trier of fact (Parnham, 36 Ill. App. 2d at 236)

and not by a dismissal motion.  Because we have determined that

plaintiffs have sufficiently alleged the existence of an injury and

damages, the trial court erred in making its findings on damages. 

In the present case, if plaintiffs' allegations are true, nominal

damages, at a minimum, exist.  Should plaintiffs wish to seek an

award beyond nominal damages, they may do so, provided they are

able to prove the existence of the damages.  

     Plaintiffs' final issue on appeal contends that the trial

court erred when it found that plaintiffs John Doe and Mary Doe

could not maintain an independent cause of action for intentional

infliction of emotional distress, civil conspiracy, or fraudulent

concealment because their claims derive from plaintiff Jane Doe's

claims against defendants.  For judicial economy, the dynamics of

the present case necessitate discussion of this issue. 

     There are two distinct categories of "derivative liability": 

in the first category is the action in which a plaintiff may

institute to redress a wrong done to another; in the second

category is the action which a plaintiff may institute to redress

a wrong done to herself or himself that is proximately caused by a

wrong done to another.  See Garfield v. United States, 297 F. Supp.

891, 900 (W.D. Wis. 1969).  The instant case falls into the second

category; that is, plaintiffs John and Mary Doe wish to institute

an action to redress a wrong or wrongs done to them that was

proximately caused by the wrong done to their child, plaintiff Jane

Doe.  Plaintiffs John and Mary Doe allege the wrongs of fraudulent

concealment, intentional infliction of emotional distress, and

civil conspiracy.  Plaintiffs John and Mary Doe have not argued on

appeal whether their negligence count derives from plaintiff Jane

Doe's negligence claims against defendants.

     Although parents do not have a primary cause of action against

a perpetrator for injuries inflicted upon their child, it is

universally recognized that parents may maintain an action in their

own right for any impairment of parental rights caused by the

injuries, particularly for any pecuniary losses suffered as a

result of the injuries.  59 Am. Jur. 2d Parent & Child §97, at 237

(1987).  Thus, plaintiffs John and Mary Doe have no independent

cause of action for an intentional tort of battery, willful or

wanton conduct, or false imprisonment based upon the alleged

contact between defendant Gadon and plaintiff Jane Doe.  One who,

by reason of her or his tortious conduct, is liable to a minor

child for illness or other bodily harm is subject to liability to

(a) the parent who is entitled to the child's services for any

resulting loss of services or ability to render services, and to

(b) the parent who is under a legal duty to furnish medical

treatment for any expenses reasonably incurred or likely to be

incurred for the treatment during the child's minority.  See

Restatement (Second) of Torts §703 (1977).  

     Although the parent's cause of action is usually viewed as

merely a part of the child's cause of action, and the rights of the

parties are frequently merged into one action for the entire

damage, analytically, the two rights of action are entirely

separate and distinct.  For example, the parent's cause of action

may be barred by limitations, though the child's is not.  Thus, the

parent is not, as is sometimes held, a mere assignee of a part of

the child's cause of action.  But the parent's right of action,

although distinct from the child's right of action, is based upon

and arises out of the negligence that causes the injury to the

child.  Jones v. Schmidt, 349 Ill. App. 336, 341 (1953).  Thus, in

most situations, the parent cannot recover unless the child also

has a good cause of action.  Jones, 349 Ill. App. at 341.  For a

complete analysis, see Annotation, Sexual Child Abuser's Civil

Liability to Child's Parent, 54 A.L.R. 4th 93 (1987).

     In the present case, should plaintiff Jane Doe's cause of

action for negligence ultimately fail, then so too should the

parent plaintiffs' cause of action for negligence fail.  This is

consistent with the holding enunciated in Jones.  However, the

Jones holding does not preclude plaintiffs John and Mary Doe from

bringing other causes of action against defendants for injuries

they have suffered that were proximately caused by the primary

injuring event sustained by their child.  The allegations of

fraudulent concealment, intentional infliction of emotional

distress, and civil conspiracy allegedly committed by defendants

upon plaintiffs John and Mary Doe, occurring after the injury

sustained by their child, were acts done independently to them. 

However, the causes of action are factually related.  Therefore, we

determine that plaintiffs John and Mary Doe may maintain

independent causes of action against defendants on those

allegations. 

     For the foregoing reasons, the judgment of the circuit court

of Lake County is reversed, and the cause is remanded for further

proceedings.

     Reversed and remanded.

     McLAREN and DOYLE, JJ., concur.